**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Relief Services Charities Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Silktree Investments LLC, et al.,<br><br>Defendants. | No. CV-18-04958-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Christian Relief Services Charities, Inc.'s ("Plaintiff") motion to remand to state court. (Doc. 10.) The motion is fully briefed and neither party has requested oral argument. As explained below, the motion to remand is granted. Moreover, because Defendant lacked an objectively reasonable basis for seeking removal, Plaintiff's request for attorneys' fees and costs is granted.

## BACKGROUND

On December 7, 2018, Plaintiff filed a complaint in Maricopa County Superior Court asserting various claims against Defendant Silktree Investments LLC ("Defendant"). (Doc. 1-3.)

On December 31, 2018, Defendant removed the case to federal court. (Doc. 1.) Defendant's removal notice stated that removal was appropriate because the parties are diverse and the amount in controversy exceeds $75,000. (*Id.*)

On January 14, 2019, Plaintiff filed a motion to remand the case to state court. (Doc. 10.) Plaintiff argues that a remand is required because the parties' contract contains a

1 forum selection clause under which they agreed that all disputes would be litigated in state court. (*Id.* at 2-4.) Plaintiff also seeks an award of fees and expenses under 28 U.S.C. § 1447(c). (*Id.* at 4.)

On February 4, 2019, Defendant filed a response to the motion to remand. (Doc. 16.) Defendant argues that a remand isn't required here because "[w]hile the wording in this contract contemplates the filing of any initial suit in Maricopa County Superior Court, the language does not suggest, indicate or even imply jurisdiction in the state court is meant to be 'exclusive.'" (*Id.* at 3.) Defendant further argues that, even if it loses on the merits, the Court shouldn't award fees and expenses under § 1447(c) because its position is objectively reasonable. (*Id.* at 6-7.)

On February 13, 2019, Plaintiff filed a reply. (Doc. 19.)

**ANALYSIS**

**I.     The Parties' Forum Selection Clause Mandates Remand**

A forum selection clause is a ground for not exercising jurisdiction over a case, similar to abstention in favor of state court jurisdiction or refusal to exercise supplemental jurisdiction. *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009). Federal law governs the validity of a forum selection clause in a diversity case. *Manetti-Farrow, Inc., v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). If the language of the forum selection clause mandates that an action be brought in a specified venue, courts must enforce the clause, absent exceptional circumstances not at issue here.[1] *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) ("[W]here venue is specified with mandatory language the clause will be enforced.").

Whether a forum selection clause is mandatory or permissive is a question of contract interpretation. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77

---

[1] "A contractual forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972)). Here, as in *Docksider*, Defendant "makes no allegations of fraud or undue influence underlying the forum selection clause that would render its enforcement unreasonable," so "[t]he sole issue before the court is whether the clause in this appeal is mandatory or permissive." *Id.*

(9th Cir. 1987). "A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.'" *Id.* (quoting 4 S. Williston, *A Treatise on the Law of Contracts* § 618 (W. Jaeger 3d ed. 1961)).

The forum selection clause in the parties' contract provides:

> 12.5 Governing Law. This Agreement shall be construed and enforced in accordance with the laws of the State. *The jurisdiction and venue for any action or proceeding brought by either party shall be the Superior Courts of Maricopa County, Arizona.*

(Doc. 10 at 2; Doc. 16 at 3, emphasis added.)

The parties' dispute essentially boils down to whether this clause is more like the clause at issue in *Docksider*, which the Ninth Circuit found to require exclusive venue in state court, or more like the clause at issue in *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F. 3d 1034, 1037 (9th Cir. 1995), which the Ninth Circuit deemed "permissive, not mandatory."

The Court concludes that this case is governed by *Docksider*, that the forum selection clause in the parties' contract vests the Maricopa County Superior Court with exclusive jurisdiction and venue over the parties' dispute, and that the motion to remand should therefore be granted. The forum selection clause in *Docksider* provided as follows: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d at 763. The Ninth Circuit concluded the "critical language" was the second sentence, which stated that venue was deemed to be Virginia state court, and held that such language created a mandatory duty to litigate in state court even though "the contractual language does not contain any express mandatory term such as 'exclusively' that would indicate the parties' intent to vest Virginia with exclusive jurisdiction." *Id.* at 763-64. Here, similarly, although the parties' contract doesn't contain the magic word "exclusively," it contains the same "critical language" that was present in

- 3 -

*Docksider*—an express direction that venue "shall be" in state court.[2]

In contrast, in *Pittsburg-Des Moines Steel Co.*, the contract simply provided that "[a] decision of the Board of Adjustment . . . or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California." 69 F.3d at 1036. The Ninth Circuit concluded this language did not create a mandatory duty to litigate in California state court because "[t]he clause does not contain additional language such as 'venue . . . shall be deemed to be in Gloucester County,' which, in *Docksider*, designated the state court as the exclusive forum." *Id.* at 1037. Here, of course, the parties' contract does contain such verbiage.

Finally, the Court also concludes that Defendant's reliance on two unpublished district court decisions—*X-Cel Sales LLC v. A.O. Smith Corp.*, 2012 WL 273693 (D. Ariz. 2012), and *Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, 2018 WL 4690364 (D. Or. 2018)—is misplaced. In *X-Cel Sales*, the clause at issue stated:

> "*[Plaintiff] irrevocably consents to the jurisdiction and venue of the United States District Court for the Middle District of Tennessee* . . . for the purpose of any litigation to which [Defendant] may be a party and which concerns this Agreement."

2012 WL 273693 *2 (emphasis added). Unlike the clauses at issue here and in *Docksider*, this clause failed to state that venue "shall be" in a specified court; it merely stated that the plaintiff in that case consented to venue in the Middle District of Tennessee. Consenting to a venue isn't the same thing as agreeing that a future case "shall be" brought in that venue.

Similarly, in *Summit Foods*, the clause at issue stated:

> This Contract will be governed by, construed and enforced in accordance with the laws of the State of Wisconsin including the UCC without giving effect to the rules respecting its conflicts of law principles. *The courts of Sheboygan County Wisconsin will have jurisdiction* to entertain and determine all disputes and claims both at law and in equity arising out of or

---

[2] In *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009), the Ninth Circuit held that "the plain meaning of the forum selection clause's designation of the 'courts of Virginia' is the state courts of Virginia; it does not include federal district courts located in Virginia." The language here is even more specific.

- 4 -

> in any way connected with the validity, existence, enforceability, construction, breach or alleged, threatened or anticipated breach of this Contract, *to which the parties admit to having personal jurisdiction over them*. Both parties waive rights to a jury trial.

2018 WL 4690364 *3 (emphasis added). The court concluded this clause was dissimilar from the clause at issue in *Docksider* because it didn't mention the concept of venue, let alone stipulate that venue "shall be" in a particular court. *Id.* at *4 ("The prevailing rule is clear . . . that where venue is specified with mandatory language, the clause will be enforced. When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.") (citation omitted). Here, in contrast, the forum selection clause does specify venue in mandatory language.

## II. Plaintiff Is Entitled to Costs and Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court announced "the proper standard for awarding attorney's fees when remanding a case to state court." *Id.* at 134. Noting that nothing in § 1447(c) "tilt[s] the exercise of discretion in *favor* of fee awards . . . [or] *against* fee awards," *id.* at 138, the Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The Court concludes that Defendant lacked an objectively reasonable basis for its removal efforts here. Defendant's position was directly foreclosed by the leading case cited in Plaintiff's motion for remand and by all of the cases cited in its own response. Indeed, the language of the parties' forum selection clause was, if anything, even more specific than the language held to be mandatory in *Docksider*.

Thus, the Court will award attorneys' fees and costs to Plaintiff under § 1447(c). The Court will retain jurisdiction following remand to resolve this issue. *Moore v.*

*Permanente Medical Group, Inc.,* 981 F.2d 443, 445 (9th Cir. 1992) (district court may retain jurisdiction over costs and attorneys' fees issue after remand).

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion to remand (Doc. 10) and remanding this case back to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction following remand to resolve the award of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the parties may stipulate to the amount of attorneys' fees and costs Defendants shall pay to Plaintiff, but if they do not, then Plaintiff shall file, within 14 days of the date of this Order, an affidavit supporting its application for attorneys' fees and costs relating only to the issue of removal and remand. The affidavit shall conform with LRCiv 54.2(d)(4). The affidavit shall be accompanied by an electronic Microsoft Excel spreadsheet, which shall also be emailed in native form to the Court (lanza_chambers@azd.uscourts.gov) and to opposing counsel, containing an itemized statement of legal services (including the legal services required to comply with this Order) with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries.

**IT IS FURTHER ORDERED** that Defendant may file a response within 14 days after Plaintiff files its affidavit and spreadsheet, addressing only the amounts requested (not the Court's decision to award Plaintiff costs and fees, which is a fait accompli as of this Order). To the extent that Defendant contests the amounts requested, Defendant must add its objections within the same Microsoft Excel spreadsheet that it received via email from Plaintiffs by making specific objections to each contested billing entry next to each row, in an additional column, to enable the Court to efficiently review the objections. The

…

…

spreadsheet should be filed and should also be emailed to the Court and to opposing counsel in native form.

Dated this 25th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge